UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>GUILLERMO CAMPOS-OLVERA,<br><br>          Defendant. | No.  CR-10-6011-FVS<br><br>ORDER DENYING DEFENDANT'S<br>MOTION TO DISMISS |

**BEFORE THE COURT** is Defendant's April 21, 2010, Motion to Dismiss. (Ct. Rec. 19). Defendant is represented by Diane E. Hehir. The Government is represented by Assistant United States Attorney Alexander C. Ekstrom. This order is intended to memorialize and supplement the Court's oral ruling.

**DISCUSSION**

Defendant argues that the federal government failed to bring the case against him in a timely manner, and the remedy is dismissal of the indictment. (Ct. Rec. 19).

**I.   30 days (18 U.S.C. § 3161(b))**

Defendant contends that the indictment should be dismissed because his speedy trial rights under 18 U.S.C. § 3161(b) have been violated. Defendant specifically argues that the Government violated his speedy trial rights by failing to indict Defendant within thirty days from his arrest on January 6, 2010.

Section 3161(b) provides that "[a]ny information or indictment charging an individual with the commission of an offense shall be

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 1

filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b).

While Defendant was arrested by a task force which included United States Marshals on January 6, 2010, he was booked into the Benton County Jail on three state warrants. He was then sentenced to either pay fines on his failure to comply or serve time to satisfy his state obligations. Defendant was held in state custody until he was brought into federal custody on February 25, 2010, on the federal indictment.

Contrary to Defendant's assertion, the Speedy Trial Act is not triggered by Defendant's arrest by federal authorities when he was arrested only on state warrants and incarcerated on state charges. An arrest by federal officers who immediately relinquish control of the arrestee to state officials does not trigger the 30-day period of Section 3161(b). *United States v. Benitez*, 34 F.3d 1489, 1494 (9th Cir. 1994) ("Although the federal agents initially detained appellants as a result of events flowing from a federal investigation, there was no federal arrest for § 3161(b) purposes because no federal charges were filed and because the federal authorities immediately turned appellants over to state authorities for state prosecution.").

The arrest warrant on the charge in this case was issued on the same date that the indictment was filed, February 9, 2010. At the time the warrant was issued, Defendant was in state custody serving time on outstanding warrants. Defendant was brought into federal custody on February 25, 2010, and thereafter arraigned on the February

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 2

9, 2010, federal indictment. Defendant's detention on the federal charge was thus later in time than the filing of the indictment. Based on the foregoing, Defendant's speedy trial rights under Section 3161(b) were not violated.

**II.  90 days (18 U.S.C. § 3164)**

Defendant also asserts that the indictment should be dismissed because more than 90 days have elapsed following his arrest and he has not been brought to trial. 18 U.S.C. § 3164.

Section 3164 provides that the trial of a detained person who is being held in detention "**solely because he is awaiting trial**" must commence not later than ninety (90) days following the beginning of such continuous detention. 18 U.S.C. § 3164(a) & (b) (emphasis added).

While Defendant was arrested by a task force which included United States Marshals on January 6, 2010, he was in state custody at the Benton County Jail until he was brought into federal custody on the federal indictment on February 25, 2010. He was not in detention "solely because he [wa]s awaiting trial" on the federal charge until his arrest on the federal charge following the indictment. The 90-day period required by Section 3164 for the commencement of his trial has not expired.

**III. 70 days (18 U.S.C. § 3161(c)(1))**

Defendant additionally argues that the indictment should be dismissed because his speedy trial rights under 18 U.S.C. § 3161(c)(1) have been violated. Section 3161(c)(1) provides that the trial of a defendant must commence within seventy (70) days from the filing date

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 3

of the information or indictment or from the date the defendant first appeared before a judicial officer of the court in which such charge is pending, **whichever date last occurs**.

Defendant argues that the Court should use the date of indictment, rather than the date of arraignment, to determine the passage of the 70-day speedy trial clock in this case. Defendant's argument is contrary to the plain language of the statute, 18 U.S.C. § 3161(c)(1). Defendant cites *United States v. Battis*, 589 F.3d 673 (3rd Cir. 2009), for the proposition that the right to a speedy trial in a federal case is triggered by the indictment, and the time period under consideration commences on that date. In *Battis*, however, the Third Circuit held that, in evaluating whether the delay before trial was uncommonly long under *Barker v. Wingo*, 407 U.S. 514 (1972), a 45-month delay between federal indictment and trial weighed heavily against the Government. *Battis*, 589 F.3d at 679. In addition to being a constitutional speedy trial case, as opposed to a statutory speedy trial rights case, the facts in *Battis* differ significantly from those of the instant case where the delay between the indictment and the scheduled trial is less than three months.

The plain language of 18 U.S.C. § 3161(c)(1) directs that the 70-day period commence on the filing date of the information or indictment or on the date the defendant first appears before a judicial officer of the court in which such charge is pending, whichever date last occurs. Consistent with the plain language of 18 U.S.C. § 3161(c)(1), the Ninth Circuit has held that, assuming that the indictment predates the initial appearance, "the 70-day period

commences only on the date when the defendant is brought before a 'judicial officer of the court in which the matter is pending.'" *United States v. Palomba*, 31 F.3d 1456, 1462 (9th Cir. 1994) (quoting 18 U.S.C. § 3161(c)).  Since Defendant's appearance on March 1, 2010, was the "date which last occurs" for purposes of Section 3161(c), the clock began to run on that date, not the date of the indictment.  The 70-day period required by Section 3161(c)(1) for the commencement of Defendant's trial has not expired.

The Court being fully advised, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss (**Ct. Rec. 19**) is **DENIED**.

2. The trial in this case, scheduled for May 3, 2010, is **VACATED**.

3. A change of plea hearing is set for **May 3, 2010, at 10:30 a.m.**, in Yakima, Washington, before the Honorable Fred Van Sickle by video teleconference.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this  29th  day of April, 2010.

S/Fred Van Sickle
Fred Van Sickle
Senior United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 5